**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X       Chapter 13
**IN RE:**
                                                                                Case No.: 17-40334
MERLENE HAYNES,

          **Debtor(s)**                         **CHAPTER 13 PLAN**
-------------------------------------------------------X

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee for a total of **60** months, the sum of:

    **$** 1 Lump-sum $19,713.08 from savings by February 27, 2017;

    **$ 690.00** commencing **February 27, 2017** through and including **January 27, 2022** for a period of **60** months.

2. From the payments so received, the trustee shall make disbursements as follows:
    (a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.
    (b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

Wells Fargo Bank, NA (mortgage holder) to be paid pre-petition arrears in the sum of $66,502.36 plus 0.00% interest over the life of the plan.

_____ (mortgage holder) to be paid pre-petition arrears in the sum of $_____ plus _____% interest over the life of the plan.

    (c) Subsequent and/ or concurrently with distribution to secured, priority, and administrative creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **PRO RATA distribution to all timely filed proofs of claim of not less than 0%(percent). In the event the Debtor is able to modify her mortgage payment, she will pay no less than 100%.**

3. The Debtor shall make all post-petition payments, including but not limited to mortgage payments, vehicle, payments, real estate taxes and income taxes, outside the plan.

**Loss Mitigation/Loan Modification**

4. The mortgage allegedly due to Wells Fargo Bank, NA (mortgage lien holder) on the property known as 1446 E. 84th Street, Brooklyn, NY 11236 (property address) under account number 5774 is in default. Said default including all arrears, legal fees and other expenses due to the mortgagee shall be capitalized pursuant to a loan modification under the Court's Loss Mitigation Program, as provided in General Order 582 in the United States Bankruptcy Court for the Eastern District of New York. The debtor(s) post-petition mortgage payments under the Loss Mitigation calculation with the full balance due on the mortgage including, all past due payments, late charges, legal fees, escrow deficiency, etc. and totals $418,208.68 to be paid at 2% interest amortized over forty (40) years will amount to a payment of $1,266.44 including, interest ($878.07), and escrow $(388.37). The estimated monthly payment of $1,266.44 shall be paid directly to the Chapter 13 Trustee, while Loss Mitigation application is pending, and until such time as the Debtor(s) has entered into a trial loan modification under the Loss Mitigation Program. Contemporaneous with the approval and commencement of a trial loan modification, the Debtor(s) will amend the Chapter 13 Plan and Schedule J of the Debtor(s) petition to reflect the terms of the trial agreement, including the direct payment, going forward, of the mortgage to the mortgage lienholder.

**JUNIOR MORTGAGE LIENS TO BE AVOIDED**

5.  **Pursuant to 11 U.S.C. §502, 506(a), 506(d), 1322(b)(2), 1325 (a) and 1328(f) the debtor intends to avoid a mortgage lien on the debtor's primary residence located at _____("Property") held by _____ [Loan No.(Last four digits)_____] [Claim No. _____ filed on _____in the amount of _____]. The debtor(s) are eligible to receive a discharge in this case, and the debtor(s) filed a motion pursuant to Bankruptcy Rule 3012 to value the junior mortgage lien held by_____, which was heard and determined by order dated _____ ("Rule 3012 Order"). In the Rule 3012 Order the Court found that the junior mortgage held by _____ is not secured by the Property because the amount of the senior mortgage(s) exceed the value of the Property, and the secured claim on the Property held by _____ shall be treated as a general unsecured creditor and paid in accordance with the terms of paragraph (c) above.**

**Upon entry of the Chapter 13 discharge, debtor(s) or debtor's counsel shall be entitled to present the Rule 3012 Order, in recordable form, to the County Clerk's office in order to cancel and discharge the aforementioned mortgage lien.**

6.  All lease agreements are hereby assumed, unless specifically rejected as follows: _____.

7.  During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c), <u>less than one hundred percent (100%),</u> the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

8.  Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, <u>unless otherwise provided in the Order confirming the plan.</u> Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.

<u>/s/ Merlene Haynes</u>  
Debtor                                                                Joint Debtor

<u>/s/ Linda M Tirelli</u>  
Attorney for Debtor

Dated:  <u>6/19/2017</u>